IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00650-MSK-MJW

CLINTON R. WHITFIELD,

Plaintiff,

v.

JOHN E. POTTER,

Defendant.

---

**ORDER TO SHOW CAUSE
and
ORDER RESETTING SCHEDULING/PLANNING CONFERENCE**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Marcia S. Krieger on May 9, 2007. (Docket No. 5).

This action was commenced on April 2, 2007. (Docket No. 1). Nevertheless, the plaintiff has not yet filed proof that he has served the defendant.

Furthermore, pursuant to a written Order Setting Scheduling/Planning Conference, which was filed on May 21, 2007 (Docket No. 6), a Rule 16 scheduling conference was set in this matter for July 16, 2007, at 9:30 a.m. That Order directed, *inter alia*, the parties to hold a pre-scheduling conference meeting, to prepare and submit to the court a proposed Scheduling Order, and to submit a Confidential

2

Settlement Statement to the undersigned at least five days before the Rule 16 conference. A copy of that Order was sent to the plaintiff's counsel by electronic mail at the e-mail address provided on the Complaint, attydwcole@earthlink.net, and there is no indication that the e-mail was not received. Nevertheless, neither plaintiff nor plaintiff's counsel appeared as directed, nor did they comply with the other provisions of the Order Setting Scheduling/Planning Conference. The court notes that it was sunny and clear in Denver today at the time set for the conference, and the roads were clear. In addition, plaintiff did not seek a continuance of the conference, nor did plaintiff or his counsel even telephone the court at the time set for the conference.

      Rule 16(f) of the Federal Rules of Civil Procedure provides in relevant part:

> . . . [i]f no appearance is made on behalf of a party at a . . . pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f). Rule 37(b)(2)(B), (C), and (D), which is referenced in Rule 16(f), permits the following sanctions:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or **dismissing the action or proceeding** or any part thereof, or rendering a judgment by default against the disobedient party;

3

> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(B), (C), (D) (emphasis added).

Furthermore, Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant and direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).  In addition, Rule 41(b) provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

Based upon the foregoing, it is hereby

**ORDERED** that on August 8, 2007, at 8:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, a Show Cause Hearing will be held at which the **plaintiff and his attorney shall appear in person** and show cause why they should not be sanctioned pursuant to Fed. R. Civ. P. 16(f) and/or held in contempt of court for failing to appear at the July 16, 2007, Scheduling/Planning Conference and for failing to comply with the other provisions of

4

the Order Setting Scheduling/Planning Conference and why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m), 16(f), and/or 41(b) for failure to prosecute and failure to appear.  It is further

**ORDERED** that the Rule 16 Planning/Scheduling Conference is reset to August 8, 2007, at 8:30 am. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.  The parties shall comply with all of the provisions of this court's Order Setting Scheduling/Planning Conference filed on May 21, 2007 (Docket No. 6).  Plaintiff shall ensure that the defendant is served with a copy of that Order and today's Order.  The parties shall submit their proposed Scheduling Order to the court no later than August 1, 2007.  It is further

**ORDERED** that the plaintiff shall forthwith serve the defendant and file proof of such service.

Dated:      July 16, 2007              s/ Michael J. Watanabe
            Denver, Colorado           Michael J. Watanabe
                                       United States Magistrate Judge